*In re* MARRIAGE OF RICHARD E. VENNER, Petitioner-Appellee, and TRIJNTJE GOMM, Respondent-Appellant.

First District (4th Division)   No. 86—0158

Opinion filed July 24, 1986.

Pinderski & Pinderski, Ltd., of Palatine (Jerome W. Pinderski, Jr., and Paul C. Pinderski, of counsel), for appellant.

Bradley E. Prendergast, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The parties, Trijntje Gomm and Richard Venner, were divorced in September 1979. Trijntje Gomm was awarded sole custody of the parties' minor child, Edward Venner, now age 14. More than two years later, on March 19, 1985, Richard filed a petition to modify the custody judgment pursuant to section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 610(b)). Subsequently, the parties entered into an agreement on May 10, 1985, whereby the parties agreed to "an experimental change of physical custody" in which the minor would reside with Richard for a period of six months beginning May 10. The agreement further stated that it was entered into without prejudice to either parties' right to continue litigating the modification of custody petition and that the agreement was not intended as a permanent modification of the original custody judgment. The trial court entered an order reflecting the terms of the agreement and continued a status hearing on the modification of custody petition to December 10, 1985.

At the December 10 hearing, the trial court considered the fact that the child had been living with Richard since May and had been enrolled by Richard in his first year of high school. The trial court determined that to avoid disruption to the child's education the child remain with Richard until the end of the school semester and that the temporary custody arrangement be continued to December 31 for a status hearing. The trial court also set the hearing date on Richard's modification petition for August 6, 1986. On December 31, the trial court determined, based upon the recommendation of the guardian *ad litem*, that as it appeared that the child was doing well under the temporary custody arrangement, it was in the child's best interest "to maintain the status quo" until the hearing on the modification petition in August. Trijntje brought this appeal pursuant to Supreme Court Rule 306(a)(1)(v) (103 Ill. 2d R. 306(a)(1)(v)) from the order of December 31 which allowed custody to remain with Richard beyond the six-month period in contravention to the terms of the agreement.

Trijntje argues that the trial court had no statutory authority to continue custody with Richard, after the expiration of the temporary custody agreement, until a hearing was held on the modification of custody petition. She asserts that the effect of the trial court's order granted the modification of custody petition without a hearing under section 610(b). Section 610(b) provides that a custody judgment can only be modified if the petitioner establishes by clear and convincing evidence that a material change has taken place subsequent to the entry to the custody judgment and that the modification is necessary to serve the best interest of the child. (Ill. Rev. Stat. 1985, ch. 40, par. 610(b).) While it is true that the trial court's ability to modify the original custody judgment is limited to section 610, section 501(a)(3) of the Act provides that in all proceedings under the Act, the trial court can enter "appropriate temporary relief." (Ill. Rev. Stat. 1985, ch. 40, par. 501(a)(3).) The Historical and Practice Notes comment that this subsection is an all-inclusive provision which allows either party to move for "*any* other appropriate temporary relief." (Emphasis added.) (Ill. Ann. Stat., ch. 40, par. 501(a)(3), Historical and Practice Notes, at 377 (Smith-Hurd 1980).) Thus, the trial court in the instant case had the statutory authority to continue the temporary custody arrangement until the modification petition was resolved. However, while we believe that the trial court was empowered to do so, we conclude that the instant order was not "appropriate temporary relief" under section 501(a)(3). We agree with Trijntje's contention that the effect of the instant order to maintain the status quo in effect modifies the custody judgment. Under the original custody judgment, Tri-

jntje was awarded permanent custody of the child. The seven-month continuance in effect deprives her of that custody and is also contrary to what the parties intended in their agreement.

Further, the underlying purpose of the child-custody provisions of the Act is to discourage continuing litigation involving children and to maximize finality in the custody judgment. (Ill. Ann. Stat., ch. 40, par. 610(a), Historical and Practice Notes, at 94 (Smith-Hurd 1980).) Consistent with this purpose is section 606(a) of the Act which provides that a custody proceeding shall receive priority on the court's docket. (Ill. Rev. Stat. 1985, ch. 40, par. 606(a).) The early resolution of such litigation is encouraged to mitigate the potential harm to the spouses and their children caused by the process of the legal dissolution of marriage. (Ill. Ann. Stat., ch. 40, par. 606(a), Historical and Practice Notes, at 66 (Smith-Hurd 1980); see Ill. Rev. Stat. 1985, ch. 40, par. 102(4).) To continue custody with Richard until August does not comport with the goal of the Act for a final and early resolution of custody.

Despite our conclusion that the trial court's order was not appropriate temporary relief under section 501(a)(3), the practical circumstances of this case are such that even though this appeal has been expedited, the hearing on the modification petition is set for August 6, several weeks from now. If we were to reverse the trial court's order, custody of the child would be returned to Trijntje with the possibility of being subsequently returned a few weeks later to Richard if the modification of custody petition is granted. This disposition would result in just the sort of ping-pong custody litigation the Act is intended to prevent. Accordingly, custody of the child shall remain with Richard until the resolution of the modification hearing. However, the cause is remanded with instructions to proceed with the hearing on August 6, the date originally scheduled, or immediately thereafter so that custody of the child can be determined prior to the start of the school year.

Affirmed and remanded with instructions.

LINN, P.J., and McMORROW, J., concur.